

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. 0-6516
Re: Liability of county for pay-
ment of notary fees to deputy
sheriff.

We are in receipt of your letter of recent date
requesting the opinion of this department on the above
stated matter. We quote from your letter, as follows:

"There has arisen in this county a dispute
over a bill presented to the County for Notary
Public fees by a deputy sheriff of Hidalgo County.

"As County Auditor I have refused to approve
or pay this bill.

"In order to present the questions necessary
for determination, I will attempt as briefly as
possible to state the facts surrounding this in-
stance. The deputy in question has been a deputy
sheriff of Hidalgo County since 1931 with his
principal duties being those of an office deputy.
He has been appointed a Notary Public and has
taken the acknowledgments on all Sheriff's Deeds
since that date. In 1938 Hidalgo County entered
into an extensive delinquent tax collection pro-
gram, and incident thereto filed a great number
of delinquent tax suits, a number of which were
reduced to judgment, foreclosed on and sold at
Sheriff's Sale. In the preparation and delivery
of the Sheriff's Deeds the deputy sheriff took

the acknowledgments, and so far as I have been
able to learn never made a charge either to
the sheriff or any other person for such ser-
vices as a Notary Public. No charge was ever
made to Hidalgo County. In December of 1944
the Sheriff's Sale on tax properties was un-
usually large. Shortly after the Sheriff's
Deeds had been turned over to the County
there was presented to me a bill for $148.00
for Notary fees.

"I understand that under opinion O-5356
by a former Attorney General, Gerald C. Mann,
the Attorney General has ruled that it was
legal for a deputy sheriff on a straight
salary basis to act as a Notary Public and
devote part of his time to his duty as a
Notary Public and charge fees for his service.

"Needless to say the deputy sheriff is
being paid the full amount allowed by law for
his services as a deputy sheriff.

"First, in view of the fact that the sheriff's
charges are limited by law to $2.00 in tax suits,
is it permissible for a deputy sheriff to charge
the county for his services as a Notary Public?

"Second, assuming that the deputy sheriff
had the right to act as a Notary Public, is it
legal for him to charge the County, his employer,
for his services as a Notary Public?

"Third, where a charge of this character
for services as a Notary Public had not been
authorized by the County Commissioners' Court
or the County Auditor prior to the rendering
of the service, would such a charge be a proper
and legal charge against the County, and could
it be enforced?

"Fourth, assuming that it would be legal for such charges to be made to the County for services as a Notary Public, is it possible for a deputy sheriff, an employee of the County, to institute a suit against the County which would enforce the collection of this account?

"I understand that there has been filed or will be filed within the next day or two a suit against the County to enforce the collection of this account, and for this reason I am submitting these questions to you in order that I may act in accordance with your advice when the County is presented with this suit."

Section (b) of Article 3899, Vernon's Annotated Civil Statutes, in part, provides:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, . . . . and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. . . . .

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the county auditor, if any, otherwise by the Commissioners Court. Each officer, shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county,

accompanying such report with invoices covering
such purchases and requisitions issued by him in
support of such report. If such expenses be in-
curred in connection with any particular case,
such report shall name such case. Such report,
invoices, and requisitions shall be subject to
the audit of the county auditor, if any, other-
wise by the Commissioners Court, and if it appears
that any item was not incurred by such officer,
or that such item was not a necessary or legal
expense of such office, or purchased upon proper
requisition, such item shall be by said county
auditor or court rejected, in which case the pay-
ment of such item may be adjudicated in any
court of competent jurisdiction. All such ap-
proved claims and accounts shall be paid from
the Officers Salary Fund unless otherwise pro-
vided herein."

Article 6602, V. A. C. S., in part, provides:

"The acknowledgment or proof of an instrument
of writing for record may be made within this State
before:

"1. A clerk of the district court.

"2. A judge or clerk of the county court.

"3. A notary public."

Section 1 of Article 3912e, V. A. C. S., in part,
provides:

"No district officer shall be paid by the State
of Texas any fees or commission for any service per-
formed by him; nor shall the State or any county pay
to any county officer in any county containing a
population of twenty thousand (20,000) inhabitants
or more according to the last preceding Federal
Census any fee or commission for any service by him
performed as such officer; . . . ."

Hidalgo County compensates its county officers on the basis of an annual salary, and the provisions of Section (b), Article 3899, supra, are applicable to said county. Under said provisions, each of the officers referred to is permitted to charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, provided such expenses have been authorized in advance by the Commissioners' Court. In the absence of advance authorization by the Commissioners' Court for the sheriff to incur expenses against the county for notary fees, and in the absence of the Court's ratification of the sheriff's charging such expenses to the county, it is our opinion that the county would not be liable for such expenses. In connection with the matter as to whether such expenses for notary fees were necessary in the proper and legal conduct of the sheriff's office, we note that Article 6602, supra, authorizes the District Clerk, the County Clerk, or the County Judge to take acknowledgments. Either of said officers, by virtue of the authority of his office, could have taken the sheriff's acknowledgments to such deeds, and in a county where said officers are compensated on a salary basis, neither the county nor the State would be authorized to pay said officers any fees for such services (Sec. 1, Art. 3912e).

In view of the foregoing statutory provisions and in view of the facts submitted, it is our opinion that the county is not liable to the deputy sheriff for his services as a notary public in taking the sheriff's acknowledgments to deeds made by the State of Texas to purchasers of properties sold to satisfy delinquent tax judgments. This department held in Opinion No. O-5336 that a deputy sheriff could qualify as a notary public and charge the fees provided by law for his services when acting in the capacity of a notary public. However, in this case, the deputy sheriff, who is also a notary public, is charged with knowledge of the legal limitations on the sheriff's authority to create a liability against the county. In view of the foregoing, we do not deem it necessary to answer your questions categorically.

We trust that we have satisfactorily answered your inquiry.

APPROVED MAY 8 1945

FIRST ATTORNEY

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

APPROVED
OPINION
COMMITTEE
BY A.W.
CHAIRMAN

JAE:ddt